Reed, P. J.,
delivered the opinion of the court.
The court was correct in finding that the lots were sold to and paid for by the four respective owners. It is established bjr evidence that the four parties contracted with appellant and Ferris, trustee, at the time of making the loans that they would each erect a house; that the loans by each of $2,000 were made individually, and separate notes and deeds of trust given; that out of the money so borrowed each paid $850 for his parcel of land.
The finding that the contract for the plumbing was made by Joseph W. Johnston, alone, with appellees, was also correct, but the further finding that Johnston acted “ for himself and the other respective owners ” is not sustained by any evidence whatever, and can only be inferred from the apparent acquiescence of the other parties in permitting the work to be done. *366 In order to make a contract upon which a lien upon the realty can be maintained, it is necessary that there should be a contract, and that the contract be made with the “owner of any land, his agent or trustee ” (Mills Stat., sec. 2867). At the time of making the contract Joseph W. Johnston was only the owner of one of the four different parcels. In order to sustain the lien it must have been shown that he was the agent of the other three; there was no such evidence nor any attempt to prove agency; hence, Johnston could not contract o'n behalf of the other thi’ee in such manner as to create a lien against their property. This was recognized by the court, and to avoid the effect the parcel of land owned by Johnston alone was charged with the cost of the entire plumbing. of the fo.ur different houses. This finding was erroneous.
By the statute (Mills Stat., sec. 2867) the lien is restricted to the land of the contracting owner or his interest in it at the time of making the contract, and is further restricted to the work done “ upon such land.” The different parcels of land were held in severalty by the respective owners at the time of making the contract;1 and although by acquiescence and receiving the benefit of the work the other owners might have adopted the agency to such an extent as to render themselves liable to Johnston for their respective shares, and the Johnston contract may have been such as to charge him. in a suit against him by appellees for the work done upon the other properties, the remedy by lien being purely statutory and to be strictly construed, Johnston was powerless to charge lands of which he was not the owner and in which he had no legal interest with a lien; he was also equally powerless to charge his individual property with a lien for construction, improvement and betterment of land belonging to others. The lien is created by statute and cannot be restricted or extended by the acts of contracting parties. See Mellor v. Valentine, 3 Colo. 258; Tabor v. Armstrong, 9 Colo. 287; Folsom v. Cragen, 11 Colo. 208 ; Burkhart v. Reising, 24 Ill. 531; Hill v. Bishop, 25 Ill. 350 ; Paulson v. Manske, 126 Ill. 75; Phillips on Mech. Liens, chap. 2, and cases cited in notes.
*367 The equitable ownership of the property in Johnston at the time of the making of the contract was not established by the evidence, consequently we are not required to decide what the effect would have been if it had been established. The fact that Johnston afterwards became the owner of all the different parcels is unimportant, as the statute fixes the status as of the date of the contract.
Counsel for appellees contends in argument, 1st, that the equitable owner of land may make a contract upon which a lien may be predicated.
2d. That where one makes the contract for himself and others for the construction of buildings, where authorized by the others, the property of such others is chargeable with the lien, and that if such owners without objection permit the improvement “ a mechanic's lien is created upon the buildings and land upon which they are situated,” and several authorities are cited ■ supposed to sustain the contention. If such position is correct it is fatal to the judgment in this case, as it would establish several and distinct liens upon the different parcels, while in the judgment the entire bills for construction on the different parcels were charged upon the individual property of the contracting party.
The proceedings to enforce the liens as shown should have been distinct and separate suits against each of the four owners, and each suit should have made appellant and the trustee, Ferris, parties. They claiming title by virtue of the deeds of trust were indispensable.
The statute expressly provides “ no lien claimed by virtue of this act shall hold the property longer than six months after filing the statement firstly described in section ten, unless an action be commenced within that time to enforce, the same.” Mills Stat., sec. 2887.
That the suit must embrace all persons against whom priority of lien is claimed, see Dumphy v. Riddle, 86 Ill. 22; Crowe v. Nagle, 86 Ill. 437; Graw v. Bayard, 96 Ill. 146.
To establish a lien as superior to an incumbrance, the cestui que trust and the trustee must be made parties within six *368 months. Lamb v. Campbell, 19 Ill. App. 272 ; Clark v. Manning, 95 Ill. 580.
Under the statutes and the decisions the questions for determination in this suit should have been determined in the suit to enforce the lien, the right of which was dependent upon the respective rights of parties and the question of priority.
It follows that the finding and judgment in this case must be reversed.

Reversed.